GEORGE L. KENT, APPELLANT, *v.* THE QUICKSILVER MINING COMPANY AND OTHERS, RESPONDENTS.

WILLIAM S. HOYT, RESPONDENT, *v.* THE QUICKSILVER MINING COMPANY, RESPONDENT, AND GEORGE L. KENT, APPELLANT.

*Appeal—when none lies from an order refusing to confirm the report of a referee.*

No appeal lies from an order refusing to confirm the report of a referee appointed by an interlocutory judgment to take proof of certain facts and report the same to the court before which an action is being tried, to enable it to make and render a final judgment therein, when such refusal is based upon the insufficiency of the report, and is accompanied by an order requiring the referee to furnish more specific facts.

APPEAL from an order made at Special Term, denying a motion to confirm the report of a referee, appointed to take and state the facts, under an interlocutory judgment entered herein, and for a final judgment; and from so much thereof as sent the matter back to the referee to re-state the accounts in accordance with certain specific directions therein contained.

*Geo. S. Hamlin* and *Grosv. P. Lowrey,* for the appellant.

*Joshua M. Van Cott,* for the Mining Company, respondent.

*Field, Dorsheimer, Bacon & Deyo,* for Marston, Flint and Wright, preferred stockholders.

DYKMAN, J.:

This appeal should be dismissed. It is from an order made at

Special Term, denying a motion to confirm a report of a referee, which he had made to the Special Term, of certain facts, which the judge wanted, to enable him to make a final judgment. He was not satisfied with the report, because it did not furnish him with the facts deemed essential by him, and he refused to confirm it, and made an order requiring the referee to furnish more specific facts. Nothing has been determined in this case which is the subject of an appeal at this stage of the case. The judge at Special Term might have taken the testimony and ascertained the essential facts for himself, but it was more convenient to obtain them through a referee, and if on the coming in of the report it did not sufficiently inform the judge, it was entirely competent and proper to require more information. It would be a strange proceeding to refuse the judge at Special Term all the information necessary to enable him to write an intelligent judgment, and equally strange to review preliminarily his order made to procure the same, before his judgment is written.

Appeals dismissed, with costs and disbursements.

The same disposition should be made of the appeal in the case of William S. Hoyt.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Appeals in these cases dismissed, with costs and disbursements.